[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is brought in two counts. The first count seeks to quiet title to certain real estate upon which a house has been erected, known as 97 Vera Street in the Town of West Hartford. (For a more particular description see Exhibit "A".)
The second count asks for a sale and partition of said real estate.
FIRST COUNT ACTION TO QUIET TITLE
Defendant Patricia Scheiderich is record owner of a one-half interest in residential real property located at 97 Vera Road, West Hartford, Connecticut more particularly described in Exhibit "A". CT Page 11247
It is the plaintiff, Mark J. Sevetz's (hereinafter "Mark") claim that defendant Patricia's interest is void as it is based on an invalid deed in her chain of title (Exhibit "A") and that therefore Mark and his uncles, Edward and Walter, are each one-third owners.
The contested deed is referred to in the complaint as being dated on September 16, 1988 and recorded on the West Hartford Land Records in Volume 1352 at page 229 on September 19, 1988. This deed (Exhibit "A") purportedly conveys the subject property from Edward, Walter and Peter Sevetz, each owner of a one-third interest in the property, to themselves and to their three sisters, Helen Emielita, Rose M. Belej and Ann M. Wengzn. Edward and Walter Sevetz admit signing the deed and acknowledging their respective signatures before Joseph Nelson, a Notary Public. Peter Sevetz did not deny signing the deed but does not recall signing the deed. The Notary, Joseph Nelson, did not remember the specific incident, it having occurred five years prior to his testifying in court, but he stated that in all his years as a Notary, he has never taken an acknowledgement without the signer being present.
The deed (Exhibit "A") was defective in that there were no witnesses thereto and it was not dated.
In October, 1992 each of the Sevetz sisters conveyed her one-sixth interest to Ann's daughter, defendant Patricia Scheiderich. As a result of these conveyances, it is the defendants' contention that Patricia Scheiderich became owner of three-sixths or one-half of the subject property as a tenant-in-common with her uncles Edward, Walter, and Peter.
On November 6, 1992, Peter Sevetz conveyed his interest in the subject property to his son, the plaintiff Mark Sevetz.
The issue to be decided by the court is whether the deed (Exhibit "A") which was recorded on September 19, 1988 was valid in order to convey title to the grantees therein.
Plaintiff's complaint alleges that the deed (Exhibit "A") was defective and invalid to convey title as it did not conform to the requirements of Connecticut General CT Page 11248 Statutes Section 45-7 which provides that to be valid a deed must be 1) in writing, 2) signed by the grantor, 3) acknowledged by grantor and 4) witnessed by two witnesses. Plaintiff contends that the deed was not signed and acknowledged by Peter Sevetz and that there were no witnesses.
Defendant concedes that there were defects in the deed in question, but that these defects were cured by the passage of the validating acts of 1989 and 1991 (Special Act 89-6 and Special Act 91-1) each entitled "An Act Validating Acts and Deeds Valid Except for Certain Irregularities and Omissions."
By the more credible and weightier evidence, the court has reached the following conclusions:
1. Peter Sevetz signed the deed and acknowledged it before Joseph Nelson, Notary Public.
2. The deed (Exhibit "A") was defective in that it was improperly acknowledged and was not witnessed.
3. Section 3 of Special Act 91-1 cured the defects by stating that no deed recorded before the effective date of the statute (January 1, 1991) "shall be deemed invalid, because it:
 1) Was not acknowledged or was improperly acknowledged . . . .
 3) Was attested by one witness only or by no witness . . . .
 21) Contains more than one of the defects enumerated in this act.
4. The deed (Exhibit "A") was valid to pass equitable title to the property pursuant to Connecticut General Statutes Section 47-17.
5. The letter from Peter P. Sevetz to Edward Sevetz dated May 2, 1988 indicated Peter's intention to abide by his father's wish to divide the property equally between the three brothers and three sisters. CT Page 11249
6. After the three sisters received an undivided one-sixth interest in the subject property, they each, individually, quit claimed their respective interests to Patricia Scheiderich. (Defendants' Exhibits 8, 9 and 10.)
7. On November 6, 1992, Peter Sevetz conveyed his interest to the plaintiff, Mark Sevetz — amounting to a one-sixth interest.
8. Title to the subject property is awarded as follows:
Patricia Scheiderich Three-sixths
Mark Sevetz One-sixth
Edward B. Sevetz One-sixth
Walter Sevetz One-sixth
COUNT TWO — PARTITION BY SALE
The parties hereto have agreed that partition by sale is appropriate.
The court hereby appoints Attorney Michael J. Auger as committee to conduct the sale of the property known as 97 Vera Street, West Hartford, Connecticut.
January 29, 1994 is set as the date of the sale.
The committee is authorized to advertise where and when necessary.
Any bid for the property must be accompanied by a deposit by certified check in the sum of $9,000.
The net proceeds shall be distributed by the committee as set forth in count one.
Harold M. Missal State Judge Referee
EXHIBIT "A" CT Page 11250
VOL 1352 PAGE 229
W 1295-Connecticut Quit-Claim JULIUS BLUMBERG, INC., Deed-Survivorship LAW BLANK PUBLISHERS New Ind. and Corp. Acknowledgments: Revised 1976
 THIS IS A LEGAL INSTRUMENT AND SHOULD BE EXECUTED UNDER SUPERVISION OF AN ATTORNEY
To all People to Whom these Presents shall Come, Greeting:
Know ye, That We, EDWARD B. SEVETZ, of the town of Jupiter, County of Palm Beach, State of Florida, WALTER SEVETZ of the town of West Hartford, County of Hartford and State of Connecticut and PETER P. SEVETZ of the Town of Wethersfield, County of Hartford and State of Connecticut
for the consideration of love and affection
received to our full satisfaction of ROSE M. BELEJ of the town of East Hartford, County of Hartford and State of Connecticut, ANN M. WENGZN of the town of Deep River, County of Middlesex and State of Connecticut and HELEN EMIELITA of the town of Fullerton, County of Orange and State of California
do remise, release, and forever QUIT-CLAIM unto the said ROSE M. BELEJ, ANN M. WENGZN AND HELEN EMIELITA
AND OURSELVES AS JOINT TENANTS
and unto the survivor of them, and unto the heirs and assigns of the survivor of them forever, all the right, title, interest, claim and demand whatsoever as THEY the said Releasor have or ought to have in or to a
 certain piece or parcel of land, with the buildings thereon, situated in the Town of West Hartford, in said County and State, and situated on the south side of Vera Street, known as No. 97 Vera Street, and more particularly bounded and described as follows; to wit:
 Lot No. 30 on a map entitled "F" c. Rockwell, Plot No. 2 Revised, Scale one inch-100 Feet, Hartford, Sept. 26th '06" copy of which map is on file in the Town Clerk's office in said Town of West Hartford, and bounded and described as follows:
CT Page 11251
 North By Vera Street fifty (50) feet; East By land now or formerly of Soren P. Thomsen, et al, being Lot No. 28 on said map one hundred forty-six and eight tenths (146.8) feet;
 South By land now or formerly of Estate of William West Luke Julian fifty (50) feet, more or less; and By land now or formerly of Dameter Popvics, et al, being Lot No. 32 on said map, one hundred forty-one and six tenths (141.6) feet.
 Being the same premises conveyed to the Grantors herein by Quit Claim Deed of PAUL and EDWARD SEVETZ and ROSE M. BELEJ dated April 25, 1981 and recorded at West Hartford Land Records at Volume 770, page 121
 No Conveyance Tax Collected /s/ Town Clerk, West Hartford No State Tax Collected
VOL 1352 PAGE 230
To have and to hold the premises, with the appurtenances thereof, unto them the said Releasees, and unto the survivor of them, and unto such survivor's heirs and assigns forever, to them and their own proper use and behoof, so that neither they the said Releasors
nor any other person or persons in their name and behalf, shall or will hereafter claim or demand any right or title to the premises or any part thereof, but they and every one of them shall by these presents be excluded and forever barred.
In Witness Whereof, We have hereunto set our hands and seals [as has caused these presents to be executed by its and its corporate seal to be hereunto affixed]* this ___ day of September 1988.
Signed, Sealed and Delivered in the presence of
_________________________ /s/ (L.S.) Edward B. Sevetz _________________________ /s/ (L.S.) Walter Sevetz CT Page 11252 _________________________ /s/ (L.S.) Peter P. Sevetz _________________________ _________________(L.S.)
_________________________ _________________(L.S.)
_________________________ _________________(L.S.)
_________________________ _________________(L.S.)
_________________________ _________________(L.S.)
State of Connecticut, County of Hartford ss.: Wethersfield
On this the 16th day of September 1988, before me EDWARD B. SEVETZ, WALTER SEVETZ and PETER P. SEVETZ known to me (or satisfactorily proven) to be the persons whose name are subscribed to the within instrument and acknowledged that they executed the same for the purposes therein contained.
In Witness Whereof, I hereunto set my hand and official seal.
 Joseph Nelson Notary Public
Title of Officer
State of Connecticut, County of ss.:
On this the ____ day of __________ 19__, before me, _____________________________ the undersigned officer, personally appeared ____________________ who acknowledged himself to be the ___________ of _____________, being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing the name of the corporation by himself as _____________________________________
In Witness Whereof, I hereunto set my hand and official seal.
/s/
WEST HARTFORD TOWN CLERK RECEIVED SEP 19 1988 @ 3:38 PM Title of Officer